## No 7356.

### HEIRS OF LESTAN PRUDHOMME VS. T. C. WALMSLEY.

The trial of ejectment suits is summary, and a jury is not demandable therefor.

Damages are not recoverable for using legal process unless the process is maliciously used, or unless one of the conservatory remedies has been abused. When, therefore, a defendant in an ejectment suit sets up a claim for damages, not based on malice nor upon abuse of a remedial writ, the claim is properly disregarded, and the prayer for jury to try it is rightly refused.

There are but three things to be considered in a suit for ejection of a lessee:—is the defendant the lessee, has the lease expired, was due notice given? Being answered affirmatively, ejection follows.

*Quære:* —Can heirs maintain a suit for ejectment after an administrator has been appointed?

APPEAL from the District Court for Red River.    PIERSON, J.

*Chaplin, Dranguet, & Chaplin* for Plaintiffs.    *L. B. Watkins, J. F. Pierson,* and *J. H. Pierson* for Defendant Appellant.

The suit was for ejection of a tenant from leased premises, and the averment was that Walmsley had leased from Lestan Prudhomme the Panola plantation for a certain rental, which had not been paid, and that notice to vacate was given in November, 1877, which was disregarded. The defendant excepted that the administrator is the proper party to bring the suit, and alleged that there was one, whereupon he came in and made himself a party. The defendant then answered denying the lease for 1877, and setting up that he had leased the plantation from Prudhomme in 1869, and from year to year to 1873 inclusive, but thereafter, there was no formal lease — that he had improved the place and should be paid — that bringing this harsh suit to eject him, years after the relation of landlord and tenant had ceased, entitled him to damages which are claimed, and to assess which a jury is prayed.

SPENCER, J. The court properly refused the trial by jury, and on motion of plaintiff struck out the claim of damages in reconvention. The law does not allow damages against a party who resorts to legal process, unless it is proved to have been malicious, which is not the case here, or unless he has abused some of the conservatory remedies provided by law. A suit by petition and citation for ejection from property with prayer that after the hearing, judgment be rendered, is no ground for a claim in damages, and the court properly disregarded it and refused to call to jury to try it. The trial of ejection suits must be summary. Rev. Stats., secs. 2155 – 2165 ; Code Prac., Art. 57 ; Wallace *v.* Smith, 8 Ann. 376.

The defendant had no earthly right to the possession of the plantation except that derived from and under leases from Prudhomme. It is mere play upon words to say there was no lease for 1876 and 1877 because there had been no formal renewals of the lease after 1873. The law renewed the lease annually by reconduction, by tacit consent of the parties implied from their acts. Three questions are answered affirmatively by the record. Is defendant a lessee? Has the lease expired? Was due notice to vacate given? This was sufficient, there being no demand for rents.

The suit by the heirs was filed in January. An administrator was not appointed till May, and is one of the heirs. He was permitted on motion to become a party to the suit, which does not appear to have

been served, but the defendant answered after the administrator had thus been made a party. If the heirs were without capacity to prosecute the suit after the appointment of an administrator (upon which we express no opinion) it is too late to object to the mode by which the administrator became a party, all the subsequent proceedings having been conducted contradictorily with him, and even the appeal of defendant being served on him alone.

*Judgment affirmed.*